IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-60357
Summary Calendar

CHARLES BROOKS, SR

Plaintiff-Appellant

v.

RICHARD STRINGER; JOE MINGO; MS PAYNE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:04-CV-120

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Former pretrial detainee, Charles Brooks, Sr., seeks leave to proceed in forma pauperis (IFP) in his appeal challenging the granting of the defendants' summary judgment motion and the subsequent dismissal of his 42 U.S.C. § 1983 suit. His civil rights lawsuit sought damages for an assault by another inmate while he was housed as a pretrial detainee at the Marion-Walthall Correctional Facility (MWCF).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brooks argues that the district court erred in finding that Marilyn Payne and Warden Mingo had to have "in fact" knowledge of a substantial risk to Brooks's safety to be liable under § 1983.  Brooks also argues that the district court erred in finding that Payne was not deliberately indifferent to his safety, that the district court erred in failing to find that there was no practice or custom of permitting "pervasive violence" at the prison, that the district court erred in failing to find Sheriff Stringer liable under § 1983 because he failed to implement corrective policies to stop inmate violence at the prison, and that the district court erred in striking the affidavit of Anthony Jackson.  Because Brooks does not address the district court's dismissal of his state law claims, any challenge to the dismissal of those claims has been abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Brooks also abandons his claims against Payne and Warden Mingo in their official capacities.  Id.

Brooks has demonstrated that he is a pauper and that his appeal raises nonfrivolous issues for appeal.  Accordingly, we grant his IFP motion.  See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).  We dispense, however, with further briefing in this appeal, and, for the reasons noted below, affirm the district court's judgment.

We find first that any error in excluding Anthony Jackson's affidavit was harmless because the majority of his affidavit was conclusory, lacked personal knowledge, or constituted hearsay and the remainder of his affidavit did not establish that the defendants violated Brooks's constitutional rights.  See FED. R. CIV. P. 26 and 56; St. Romain v. Indus. Fabrication & Repair Serv., Inc., 203 F.3d 376, 380 (5th Cir. 2000).  Accordingly, we do not consider the substance of Jackson's affidavit in connection with the resolution of Brooks's remaining appellate issues.

Payne was not deliberately indifferent to a risk of violence, be it pervasive or not, to Brooks if he was released into the general prison population because she determined, based upon several conferences with Warden Mingo and her

own observations, that Brooks would not be in danger if he was released from lock-down. See Farmer v. Brennan, 511 U.S. 825, 843 (1994). Therefore, Brooks has failed to make a showing of a genuine issue of material fact as to Payne's subjective deliberate indifference. Without making such a showing, Brooks cannot, as a matter of law, demonstrate the violation of a clearly established constitutional right, see id. at 834, and Payne, in her individual capacity, was entitled to qualified immunity.

Brooks argues that Warden Mingo must have known of "pervasive violence" in the prison because he visited the general population once a week, he got daily briefings from his officers, and one of the briefing officers was his son, Derek Mingo, who was chief of security. Brooks's conclusory speculation as to what Warden Mingo might have known does not dispute Warden Mingo's testimony that inmate fights at the prison were rare and not violent and that, with the exception of Brooks, he was unaware of any injuries suffered from inmate fights. See Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). In addition, even if Warden Mingo knew of a risk, the summary judgment evidence indicates that he consulted several times with Payne, who believed there was no risk to Brooks, before he approved Brooks's release into the general population. Accordingly, as there was no material dispute of fact regarding whether Warden Mingo knew of a risk of "pervasive violence" and as there was no material dispute of fact regarding whether he was subjectively indifferent to such a risk, the district court properly granted summary judgment to Warden Mingo in his individual capacity.

A review of the record establishes that there is no evidence indicating that the prison had a policy of housing rival inmates together or that Sheriff Stringer failed to implement a policy to address inmate violence. In fact, the summary judgment evidence indicated that pretrial detainees were placed on lock-down and were only released to the general population if they requested such a release, there was an evaluation done regarding the inmate's safety, and the

warden approved the release.  Summary judgment regarding Brooks's claims against Sheriff Stringer in his individual and official capacities was therefore appropriate.  See Hare v. City of Corinth, Miss., 74 F.3d 633, 639, 643 (5th Cir. 1996) (en banc); Kentucky v. Graham, 473 U.S. 159, 166 (1985).

AFFIRMED; MOTION GRANTED.